# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YOUNG | CASE NO: 1:12-cv-00864-AWI-GBC (PC) |
| Plaintiff, | ORDER FINDING PLAINTIFF INELIGIBLE TO PROCEED IN FORMA PAUPERIS IN THIS ACTION AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL |
| v. | |
| T. PETERSON, et al., | |
| Defendants. | ORDER FOR CLERK TO CLOSE CASE |

**I.     Procedural History**

Plaintiff Eddie Young, a state prisoner proceeding pro se ,filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 15, 2012.   Doc.1.  Plaintiff filed an application to proceed in forma pauperis ("IFP") and has filed not paid the $350.00 filing fee for this action.

**II.     Three Strikes**

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted.  Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis.  Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

1

be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[1]  "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).  However, where the docket records do not reflect the basis for the dismissal, the Court should conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

After careful review, the Court finds the following cases count as strikes for being malicious and frivolous: 1) *Young v. Briddle, et al.*, 3:98-cv-00714-SI at Doc. 5 (N.D. Cal June 5, 1998) (failure to state a claim); 2) *Young v. McCargar, et al.*, 2:00-cv-02393-GEB-DAD at Doc. 25, Doc. 33 (E.D. Cal. Aug. 13, 2002) (failure to state a claim); and 3) *Eddie Young v. Betty Bowen, et al.*, No. 2:01-cv-06368-DSF-MLG at Doc. 213 (C.D. Cal. July. 12, 2007) (failure to state a claim).[2]

Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on May 15, 2012.  The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  While Plaintiff alleges that "he remains subjected to significant threat to his present and future health and safety", the complaint alleged Defendants retaliated against Plaintiff by filing a seris of false disciplinary reports.  Because Plaintiff alleges no specific facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed in forma pauperis in this action.

//

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

[2] *See also Young v. Riley, et al.*, 2:02-cv-02297-LKK -DAD at Doc. 53, Doc. 58 (three strike dismissal March 29, 2005); *Young v. Holguin, et al.*, 1:06-cv-00770-LJO-DLB at Doc. 18, Doc. 25 (three strike dismissal April 14, 2008); *Young v. Parks, et al.*, 2:09-cv-00336-GEB-GGH at Doc. 15, Doc. 19  (three strike dismissal April 7, 2011).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is ineligible to proceed in forma pauperis in this action and his motion to proceed in forma pauperis is DENIED;

2. This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full; and

3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    August 3, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE